# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LLOYD CLEMENTS, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>PORCH.COM, INC., *et al.*,<br><br>        Defendants. | <br><br><br><br><br><br>Case No. 1:20-cv-00003-SLG |

## ORDER RE DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MOTION FOR JUDICIAL NOTICE

Before the Court at Docket 13 is Defendants Porch.com, Inc., GoSmith, Inc., Matthew Ehrlichman, Brenton Marrelli, and Darwin Widjaja's Motion to Dismiss Plaintiffs' Complaint. Plaintiffs Lloyd Clements and seventeen others responded in opposition at Docket 19. Defendant replied at Docket 24. Also before the Court at Docket 15 is Defendants' Motion for Judicial Notice. Plaintiffs responded in opposition at Docket 20. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND AND FACTUAL ALLEGATIONS

On April 29, 2020, Lloyd Clements and seventeen other plaintiffs ("Plaintiffs") commenced this action against Porch.com, Inc. ("Porch.com"), GoSmith, Inc. ("GoSmith"), Matthew Ehrlichman, Brenton Marrelli, and Darwin Widjaja (together, "Defendants") alleging violations of the Telephone Consumer

Protection Act of 1991 ("TCPA").[1]

According to the Complaint, GoSmith and Porch.com operated a business model in which they sold leads to home improvement contractors that would connect them to potential clients.[2] GoSmith and Porch.com acquired the information of millions of contractors through a variety of websites such as Yelp.com, YellowPages.com, and BBB.org and stored the information.[3] The information included the location of the contractors, the kinds of services they provide, and their phone numbers.[4] Plaintiffs allege that GoSmith used this information to send automated text messages to contractors on their mobile phone numbers.[5] These messages informed the contractors that someone was seeking specific services in their area and prompted them to respond for more information.[6] Contractors would then be provided a web address where the contractors could purchase credits to view the lead.[7]

Plaintiffs also allege in their Complaint that Defendants Marrelli, Widjaja, and Ehrlichman ("individual defendants") have been involved in this strategy by

---

[1] Docket 1 at 1; 47 U.S.C. § 227.

[2] Docket 1 at 4, ¶ 15.

[3] Docket 1 at 4, ¶ 16.

[4] Docket 1 at 4–5, ¶ 17.

[5] Docket 1 at 5, ¶ 19.

[6] Docket 1 at 5, ¶ 22.

[7] Docket 1 at 9, ¶ 34.

Case No. 1:20-cv-00003-SLG, *Clements, et al. v. Porch.com, Inc., et al.*
Order re Defendants' Motion to Dismiss Plaintiffs' Complaint and Motion for Judicial Notice
Page 2 of 15
Case 1:20-cv-00003-SLG   Document 33   Filed 09/24/20   Page 2 of 15

personally authorizing, overseeing, and directing the business plan.[8] Mr. Marrelli and Mr. Widjaja cofounded GoSmith and served as CEO and CTO respectively.[9] Both stated in declarations unrelated to this action that they were "involved in nearly every facet of GoSmith's operations and have comprehensive personal knowledge of GoSmith's business model and internet operations."[10] In January 2017, Porch.com acquired GoSmith; GoSmith became a wholly-owned subsidiary of Porch.com and Mr. Ehrlichman became GoSmith's CEO.[11] Since then, GoSmith has been sued numerous times on allegations of TCPA violations.[12]

In their Complaint, Plaintiffs allege that they received multiple automated text messages from GoSmith.[13] The Complaint does not state how many texts each plaintiff received in total, but it estimates the total number at 3,318.[14] This estimate was reached by multiplying the approximate number of weeks during which each plaintiff received texts by two, based on Plaintiffs' representation that "[t]he average Plaintiff has received approximately 2 messages per week."[15] The

---

[8] Docket 1 at 11, ¶ 47.

[9] Docket 1 at 9–10, ¶ 38–39.

[10] Docket 1 at 9–10, ¶ 38–39.

[11] Docket 1 at 10–11, ¶ 43–44.

[12] Docket 1 at 11, ¶ 47.

[13] Docket 1 at 2.

[14] Docket 1 at 4, ¶ 12; Docket 19 at 31.

[15] Docket 1-1 (Exhibit A).

Case No. 1:20-cv-00003-SLG, *Clements, et al. v. Porch.com, Inc., et al.*
Order re Defendants' Motion to Dismiss Plaintiffs' Complaint and Motion for Judicial Notice
Page 3 of 15
Case 1:20-cv-00003-SLG   Document 33   Filed 09/24/20   Page 3 of 15

Complaint also alleges that "Plaintiffs have received more than one text message from GoSmith within a 12-month period."[16] Three of the plaintiffs are identified in Exhibit A as registered on the National Do Not Call Registry. As to these plaintiffs, the Complaint alleges that 878 of these texts were sent "to Plaintiffs' phone numbers that are registered on the National Do Not Call Registry," and that "[t]hese are residential phone numbers which Plaintiffs use in their home-based businesses."[17] Again, this was based on the assumption that each plaintiff received two messages per week.

Plaintiffs assert that these text messages violate the TCPA's prohibitions on unsolicited automated messaging.[18] They sue under two subsections of the TCPA: (1) Section 227(b)(3), which provides a cause of action for violations of certain prohibited uses of automated telephone dialing systems (ATDS); and (2) Section 227(c)(5), which provides a cause of action for violations of do-not-call regulations promulgated by the Federal Communications Commission ("FCC").[19]

## DISCUSSION

### I. Jurisdiction

The Court has jurisdiction over Plaintiffs' TCPA claims pursuant to 28 U.S.C.

---

[16] Docket 1 at 4, ¶ 14.

[17] Docket 1 at 3, ¶ 13.

[18] Docket 1 at 25, ¶¶ 95, 100.

[19] Docket 1 at 25–26, ¶¶ 95–98 (First Cause of Action), 100–104 (Second Cause of Action); 47 U.S.C. § 277(b)(3), (c)(5).

Case No. 1:20-cv-00003-SLG, *Clements, et al. v. Porch.com, Inc.*, et al.
Order re Defendants' Motion to Dismiss Plaintiffs' Complaint and Motion for Judicial Notice
Page 4 of 15
Case 1:20-cv-00003-SLG   Document 33   Filed 09/24/20   Page 4 of 15

§ 1331.

## II. Motion to Dismiss

### A. Legal Standard

When reviewing a Rule 12(b)(6) motion, a court considers only the pleadings and documents incorporated into the pleadings by reference, as well as matters on which a court may take judicial notice.[20] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[21] A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22] Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully."[23] A court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."[24]

When granting a motion to dismiss, a court is generally required to grant the plaintiff leave to amend, unless amendment would be futile.[25] In determining

---

[20] *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007)).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[22] *Id.* (citing *Twombly*, 550 U.S. at 556).

[23] *Id.*

[24] *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008).

[25] *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir.

Case No. 1:20-cv-00003-SLG, *Clements, et al. v. Porch.com, Inc., et al.*
Order re Defendants' Motion to Dismiss Plaintiffs' Complaint and Motion for Judicial Notice
Page 5 of 15
Case 1:20-cv-00003-SLG   Document 33   Filed 09/24/20   Page 5 of 15

whether amendment would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint."[26]

### B. Analysis

Defendants move to dismiss on several grounds: (1) Plaintiffs lack constitutional standing; (2) Plaintiffs are outside the zone of interest of the TCPA; (3) Plaintiffs fail to state an ATDS claim; (4) Plaintiffs fail to state a do-not-call violation; (5) the Court lacks personal jurisdiction over the individual defendants; and (6) the individual defendants are not personally liable.

### i. Constitutional Standing

Defendants assert that Plaintiffs have failed to establish constitutional standing because their Complaint does not allege an injury in fact.[27] Article III standing requires that each plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[28] To establish an injury in fact, "the plaintiff must have suffered an . . . invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural

---

1990).

[26] *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

[27] Docket 13 at 9.

[28] *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016).

Case No. 1:20-cv-00003-SLG, *Clements, et al. v. Porch.com, Inc., et al.*
Order re Defendants' Motion to Dismiss Plaintiffs' Complaint and Motion for Judicial Notice
Page 6 of 15
Case 1:20-cv-00003-SLG   Document 33   Filed 09/24/20   Page 6 of 15

or hypothetical."[29]  "[E]ach plaintiff must show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant."[30]  A single violation of the TCPA is sufficient to show an injury in fact.[31]

Defendants assert that the Complaint fails to adequately allege that each plaintiff has suffered an injury in fact.  Defendants maintain that "[a]lleging exemplar text messages and attaching a spreadsheet comprised of calculations based upon the *assumption* that each Plaintiff received two messages per week does not suffice."[32]

Plaintiffs respond by asserting that the Complaint alleges "that each Plaintiff received at least two telemarketing messages within a 12 month period (and in most cases many more), that Defendants sent these messages using an ATDS, and that Defendants failed to obtain Plaintiffs' consent."[33]  Plaintiffs add, "Exhibit A

---

[29] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quotations and citations omitted).

[30] *Ellis v. City of La Mesa*, 990 F.2d 1518, 1523 (9th Cir. 1993) (internal quotations omitted); *see also Citizens for Fair Representation v. Padilla*, Case No. 2:17-cv-00973-KJM-DMC, 2018 WL 6249911, at *3 (E.D. Cal. Nov. 29, 2018) ("Every plaintiff must have standing to litigate a grievance before a federal court. . . . [P]laintiffs must allege an injury particularized to each plaintiff. . . .), *aff'd*, Case No. 18-17458, 2020 WL 2510747 (9th Cir. May 15, 2020).

[31] *See Van Patten v. Vertical Fitness Group*, LLC, 847 F.3d 1037, 1043 (9th Cir. 2017) (explaining that a single telephone call in violation of the TCPA creates a violation of privacy and nuisance).  The FCC interprets "texts" as "telephone calls" for the purposes of the TCPA.  *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

[32] Docket 24 at 3–4 (emphasis in original).

[33] Docket 19 at 25.

Case No. 1:20-cv-00003-SLG,  *Clements, et al. v. Porch.com, Inc., et al.*
Order re Defendants' Motion to Dismiss Plaintiffs' Complaint and Motion for Judicial Notice
Page 7 of 15
Case 1:20-cv-00003-SLG   Document 33   Filed 09/24/20   Page 7 of 15

to the Complaint specifies each Plaintiff's individual claims, pending further discovery to clarify the final number of calls made to each Plaintiff (information which is particularly within Defendants' control)."[34]

Exhibit A to the Complaint includes the following information for each plaintiff: name; location; phone number; the approximate date the messages started; the date the plaintiff unsubscribed; the date the plaintiff's phone was registered on the National Do Not Call registry; the number of weeks the plaintiff received ATDS messages and messages to numbers listed on the Do Not Call registry; the total number of messages received for ATDS and Do Not Call claims; and total damages.[35] However, Exhibit A explains that the "exact number of messages varies by Plaintiff" and is based on the assumption that each plaintiff received an average of two calls per week.[36] The Complaint provides several examples of text messages but does not attribute them to any particular plaintiff, and indeed it is unclear whether these exemplars were sent to any named plaintiff in this action.[37]

These allegations are insufficient to establish an injury in fact for each

---

[34] Docket 19 at 26.

[35] Docket 1-1.

[36] Docket 1-1 at 2.

[37] *See* Docket 1 at 6–7, ¶¶ 25, 26. Defendants point out that these same exemplars appear in complaints filed in related cases and thus may not have been sent to any Plaintiffs to this action. *See* Docket 13 at 8.

Case No. 1:20-cv-00003-SLG, *Clements, et al. v. Porch.com, Inc., et al.*
Order re Defendants' Motion to Dismiss Plaintiffs' Complaint and Motion for Judicial Notice
Page 8 of 15
Case 1:20-cv-00003-SLG   Document 33   Filed 09/24/20   Page 8 of 15

individual plaintiff. Exhibit A does not list the texts actually received, but instead only provides an "estimate of damages" while explaining that "[t]he exact number of texts received varies by plaintiff."[38] Thus, Exhibit A attempts to calculate collective damages but does not allege that each individual plaintiff received a violative text message that would give rise to an injury in fact.[39] The few examples of text messages in the Complaint are not connected to individual plaintiffs.[40] And, contrary to Plaintiffs' assertion, the Complaint does not allege that each plaintiff received more than one text message from GoSmith within a 12-month period.[41]

Regarding the Do Not Call violations, Plaintiffs have not alleged each individual plaintiff pursuing a 227(c)(5) claim registered their phone as required by the implementing regulations.[42] Additionally, Exhibit A assumes that each plaintiff with a number listed on the Nation Do Not Call registry received an average of two calls per week.[43] This suffers from the same defect as the ATDS allegations in

---

[38] Docket 1-1, Exhibit A.

[39] See *Cain, et al. v. Porch.com, Inc., et al.*, Case No. 5:20-cv-00697-BLF, Docket 69 at 7 (N.D. Cal. July 23, 2020) (dismissing a related case for lack of standing where the complaint similarly failed to allege TCPA violations for each individual plaintiff); *see also Pearson, et al. v. Porch.com, Inc. et al.*, Case No. 3:20-cv-00697-JR, Docket 25 at 8 (D. Or. Aug. 31, 2020) (recommending dismissal in a related case on similar grounds).

[40] Docket 1 at 6–7, ¶¶ 25, 26.

[41] *See* Docket 1 at 4, ¶ 14; (alleging "Plaintiffs have received more than one text message from GoSmith within a 12-month period").

[42] *See* 47 C.F.R. § 64.1200(c)(2).

[43] Docket 1-1.

Case No. 1:20-cv-00003-SLG, *Clements, et al. v. Porch.com, Inc., et al.*
Order re Defendants' Motion to Dismiss Plaintiffs' Complaint and Motion for Judicial Notice
Page 9 of 15
Case 1:20-cv-00003-SLG   Document 33   Filed 09/24/20   Page 9 of 15

that it merely assumes that each plaintiff received two calls per week and does not include supporting allegations as to each individual plaintiff.[44]

In short, the Complaint fails to adequately plead that each plaintiff received an unwanted text from Defendants, and hence that each plaintiff suffered an injury in fact. Accordingly, this Court agrees with the other district courts that have evaluated similar complaints and concludes that the Court lacks subject matter jurisdiction over Plaintiffs' claims and that the claims should be dismissed for lack of constitutional standing.[45] However, the defects in the Complaint appear remediable by a revised pleading, and thus the Court will grant leave to amend.[46]

### ii. Defendants' Remaining Arguments

Because Plaintiffs have failed to adequately allege standing, the Court will not resolve Defendants' remaining arguments due to a lack of subject matter jurisdiction.[47] However, the Court makes the following observations to guide

---

[44] Docket 1-1.

[45] *See Cain, et al. v. Porch.com, Inc., et al.*, Case No. 20-cv-00697, Docket 69 at 7 (N.D. Cal. July 23, 2020) (dismissing a related case for lack of standing where the complaint similarly failed to allege TCPA violations for each individual plaintiff); *see also Pearson, et al. v. Porch.com, Inc. et al.*, Case No. 3:20-cv-00697-JR, Docket 25 at 8 (D. Or. Aug. 31, 2020) (recommending dismissal in a related case on similar grounds).

[46] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2009) (discussing the factors a court will weigh when determining whether to grant leave to amend).

[47] *See Fleck & Assocs., Inc. v. Phoenix, City of, an Arizona Mun. Corp.*, 471 F.3d 1100, 1106 (9th Cir. 2006) (holding it improper for district court to reach merits of suit after determining that plaintiff lacked constitutional standing).

Case No. 1:20-cv-00003-SLG, *Clements, et al. v. Porch.com, Inc., et al.*
Order re Defendants' Motion to Dismiss Plaintiffs' Complaint and Motion for Judicial Notice
Page 10 of 15
Case 1:20-cv-00003-SLG   Document 33   Filed 09/24/20   Page 10 of 15

further pleadings and other filings in this case.

Many of Defendants' 12(b)(6) and alternative constitutional standing arguments rely on the theory that Plaintiffs expressly consented to the messages. But express consent is not an element of a TCPA plaintiff's prima facie case; instead, it is an affirmative defense.[48] Therefore, so long as a plaintiff adequately pleads lack of consent based on a plausible set of factual allegations, dismissal of a complaint based on a finding of express consent would be improper.[49]

Defendants assert that Plaintiffs are not within the TCPA's zone of interest because the TCPA was not meant to cover business numbers. However, Section 227(b)(1)(A)(iii) of the TCPA prohibits "mak[ing] any call. . . using any automatic telephone dialing system. . . to any telephone number assigned to a. . . cellular telephone service." This prohibition is not qualified by the term "residential" and thus would appear to apply to all cellular numbers.[50] Additionally, the FCC

---

[48] *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017) ("Express consent is not an element of a plaintiff's prima facie case but is an affirmative defense for which the defendant bears the burden of proof.").

[49] *See ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) ("Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint. . . ."). There appears to be a disputed issue of fact here as to whether Plaintiffs expressly consented to the text messages, and also whether the text messages contained advertisements or business solicitations and thus require express written consent as opposed to merely express consent. *See* 47 C.F.R. § 64.1200(a)(2).

[50] *See Thomas v. Dun & Bradstreet Credibility Corp.*, 100 F. Supp. 3d 937, 944 (C.D. Cal. 2015) (citing *Johansen v. GVN Mich., Inc.*, Case No. 1:15-CV-00912, 2015 WL 3823036, at *1 (N.D. Ill. June 18, 2015) (rejecting similar argument, observing that a separate provision of the TCPA, § 227(b)(1)(B), prohibits calls to "any residential telephone line"). *But see Chennette v. Porch.Com, Inc.*, Case No. 1:20-cv-00201-SRB,

Case No. 1:20-cv-00003-SLG, *Clements, et al. v. Porch.com, Inc., et al.*
Order re Defendants' Motion to Dismiss Plaintiffs' Complaint and Motion for Judicial Notice
Page 11 of 15
Case 1:20-cv-00003-SLG   Document 33   Filed 09/24/20   Page 11 of 15

regulations implementing Section 227(c) do not categorically exclude all numbers used for any business purpose and the FCC has declined to exempt phone numbers used by home-based businesses from the do-not-call rules.[51] Although Plaintiffs admit that their phone numbers are used for business, they claim that these are residential numbers used for home-based businesses.[52] Neither the plain text of the statute nor the FCC's implementing regulations would appear to support such a restrictive analysis of the TCPA's zone of interest.

The individual defendants assert that the Court cannot exercise personal jurisdiction over Plaintiffs' claims against them.[53] Because no applicable federal statute governs personal jurisdiction, Alaska's long-arm statute applies.[54] "That statute has been construed by the Alaska Supreme Court to 'establish jurisdiction to the maximum extent permitted by due process.'"[55]

---

2020 WL 5511515, at *2 (D. Idaho Sept. 2, 2020) (granting motion to dismiss concluding that "the FCC's intent is for the TCPA to apply to consumers, not business numbers like cell phones used by contractors").

[51] *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 20 F.C.C. Rcd. 3788, 3793 (2005) ("We also decline to exempt from the do-not-call rules those calls made to 'home-based businesses'; rather, we will review such calls as they are brought to our attention to determine whether or not the call was made to a residential subscriber.").

[52] Docket 1 at 4, ¶ 13.

[53] Docket 13 at 15–18.

[54] *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).

[55] *Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F. 2d 1266, 1269 (9th Cir. 1981) (quoting *Jonz v. Garrett/Airesearch Corp.*, 490 P.2d 1197, 1199 (Alaska 1971)).

Case No. 1:20-cv-00003-SLG, *Clements, et al. v. Porch.com, Inc., et al.*
Order re Defendants' Motion to Dismiss Plaintiffs' Complaint and Motion for Judicial Notice
Page 12 of 15
Case 1:20-cv-00003-SLG   Document 33   Filed 09/24/20   Page 12 of 15

Where, as here, a non-resident defendant's ties to the forum state are not substantial nor continuous and systematic, the Ninth Circuit employs a three-pronged test:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. (2) The claim must be one which arises out of or results from the defendant's forum-related activities. (3) Exercise of jurisdiction must be reasonable.[56]

Here, Plaintiffs' allegations comprise of listing the individual defendants as corporate officers of GoSmith and Porch.com and conclusory statements that they must have directed and authorized the alleged TCPA violations in Alaska. Notably lacking are any allegations of specific acts directed at Alaska by each individual defendant. Due process requires that each defendant "must do some act" directed to the forum state.[57] The Complaint does not appear to satisfy the requirements of personal jurisdiction for the individual defendants. Plaintiffs suggest jurisdictional discovery,[58] but "Plaintiffs identify no specific discovery they seek to conduct that will be helpful in the jurisdictional analysis, nor do they describe the evidence of contacts they believe they can uncover."[59] If Plaintiffs seek

---

[56] *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977).

[57] *Id.*

[58] Docket 19 at 28.

[59] *Freeney v. Bank of Am. Corp.*, Case No. CV 15-02376 MMM PJWx, 2015 WL 4366439, at *27 (C.D. Cal. July 16, 2015) (denying jurisdictional discovery where the

Case No. 1:20-cv-00003-SLG, *Clements, et al. v. Porch.com, Inc., et al.*
Order re Defendants' Motion to Dismiss Plaintiffs' Complaint and Motion for Judicial Notice
Page 13 of 15
Case 1:20-cv-00003-SLG   Document 33   Filed 09/24/20   Page 13 of 15

jurisdictional discovery, they should "describe what evidence [they] reasonably hope[] to discover."[60]

The individual defendants also argue that the claims against them should be dismissed on Rule 12(b)(6) grounds for failure to plead individual corporate officer liability. "Although the Ninth Circuit has not ruled on this issue, numerous district courts have held that corporate actors may be held individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute."[61] Plaintiffs allege that the individual defendants controlled and authorized a business plan that violated the TCPA, and thus the individual defendants could be liable.

### III. Motion for Judicial Notice

Defendants also requested that the Court take judicial notice of several internet web pages.[62] The motion will be denied for two reasons. First, the Court did not rely on the filings in dismissing the Complaint for lack of standing. Second, as explained above, express consent is not an element of a plaintiff's prima facie

---

plaintiffs requested discovery to "discover additional contacts" without describing what they were seeking).

[60] *Peter Strojnik, P.C. v. Signalife, Inc.*, Case No. CV-08-1116-PHX-FJM, 2009 WL 605411, at *4 (D. Ariz. Mar. 9, 2009) (denying jurisdictional discovery because there were no disputed jurisdictional facts besides conclusory allegations and plaintiff did not describe what he reasonably hoped to find).

[61] *Ott v. Mortg. Investors Corp. of Ohio, Inc.*, 65 F. Supp. 3d 1046, 1060 (D. Or. 2014) (citations omitted) (collecting cases).

[62] Docket 15.

Case No. 1:20-cv-00003-SLG, *Clements, et al. v. Porch.com, Inc., et al.*
Order re Defendants' Motion to Dismiss Plaintiffs' Complaint and Motion for Judicial Notice
Page 14 of 15
Case 1:20-cv-00003-SLG Document 33 Filed 09/24/20 Page 14 of 15

case. The "use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery."[63]

## CONCLUSION

In light of the foregoing, Defendants' Motion for Judicial Notice at Docket 15 is DENIED. Defendants' Motion to Dismiss Plaintiffs' Complaint at Docket 13 is GRANTED for lack of subject matter jurisdiction with leave to amend. Plaintiffs shall file an amended complaint within 21 days of this order.

DATED this 24th day of September, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[63] *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

Case No. 1:20-cv-00003-SLG, *Clements, et al. v. Porch.com, Inc., et al.*
Order re Defendants' Motion to Dismiss Plaintiffs' Complaint and Motion for Judicial Notice
Page 15 of 15
Case 1:20-cv-00003-SLG   Document 33   Filed 09/24/20   Page 15 of 15